### COMMONWEALTH *vs.* CHARLES F. WHITTEMORE.

An officer with a warrant against a man for stealing a cow went to his house, and, after searching it, said to him, " Where did you get that beef? We 've got you this time. We have traced it round until we are satisfied you 've got the cow," (referring to a different cow;) and carried him to jail. *Held,* that this did not render incompetent confessions, afterwards made to the officer at the jail, of having stolen the cow mentioned in the indictment.

INDICTMENT for stealing a cow of Joseph Densmore. At the trial in the court of common pleas, an officer called as a witness for the Commonwealth testified that on the night of the arrest he went to the defendant's house with a warrant against him for stealing another cow known as the Chase cow, and, after searching the house, said to the defendant, (referring to the Chase cow,) " Where did you get that beef? We 've got you this time. We have traced it round until we are satisfied you 've got the cow ; " and then took the defendant to the jail ; and there on the same evening had a conversation with the defendant about both cows. *Bishop,* J., against the defendant's objection, allowed his declarations then made to be admitted in evidence as confessions of guilt ; and the defendant, being convicted, alleged exceptions.

*C. Devens, Jr.,* for the defendant, cited 1 Greenl. Ev. §§ 219–221 ; *Commonwealth* v. *Taylor,* 5 Cush. 605 ; *Rex* v. *Mills,* 6 Car. & P. 146 ; *Meynell's case,* 2 Lewin, 122 ; *Sherrington's case,* 2 Lewin, 123 ; *Rex* v. *Cooper,* 5 Car. & P. 535 ; *The State* v. *Roberts,* 1 Dev. 262.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. It is objected that the confessions of the defendant were erroneously permitted to be given in evidence against him, because it appeared from what was proved concerning them that they were not freely and voluntarily made. It did not so appear to the judge who presided at the trial. And the question now, in reviewing his judgment, is, whether it was a due and just conclusion from all that was proved upon that subject, that the admissions of the defendant, of which the gov-

ernment availed itself to establish his guilt, were made under the influence of fear inspired by what was said to him at the time of his arrest, and in the hope of extricating himself from the difficulty in which he was involved, and of avoiding thereby some danger with which he was threatened. For the rule is, that to exclude the confession there must appear to have been held out some fear of personal injury or hope of personal advantage to induce it. *Commonwealth* v. *Morey,* 1 Gray, 461. Certainly nothing was said to the defendant, which could have been thought by him an assurance or an intimation that he would be likely to find relief or alleviation by disclosure of his guilt; and we do not perceive how, by any just construction, the statement or expression of the officer can be considered as a menace of evil or threat of harm if the disclosure was withheld. Indeed, the prisoner was not called upon to make any reply or to speak at all; but was left perfectly at liberty to deny the truth of the accusation made against him, or to be perfectly silent in relation to it. There was nothing like threat or solicitation in direct terms; and apparently understanding that he was left free to act according to his own pleasure upon the subject, the prisoner made no answer to the officer, and the conversation was then closed. As he was not promised favor or threatened with harm or loss if he was silent, or omitted to give an account of himself, or to disclose facts from which his guilt might be inferred, it was rightly determined at the trial that the confessions which he made at a later hour in the evening were free and voluntary and proper to be laid before the jury for their consideration. *Exceptions overruled.*